PHILLIP A. TALBERT
United States Attorney
KATHERINE E. SCHUH
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099
Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS EFRAIN PEREZ<br><br>Defendant. | CASE NO. 1:21-CR-00179-NONE-SKO<br><br>STIPULATION TO CONTINUE HEARING DATE, TRIAL DATE AND TO EXCLUDE TIME; ORDER THEREON |

This case is set for a hearing on a motion for a psychiatric examination on September 24, 2021, at 9:00 a.m. before the Honorable Dale A. Drozd.  It is also set for a trial before the Honorable Dale A. Drozd on October 26, 2021 at 9:00 a.m.  The parties hereby stipulate to continue the motion hearing to October 8, 2021, to continue the trial to November 18, 2021, and to exclude time between the date of this stipulation and the motion hearing on October 8, 2021.

On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.  This General Order was entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Eastern District of California and the defendant, CARLOS EFRAIN PEREZ, by and through his counsel, hereby agree and stipulate to continue the hearing on the government's motion for a

psychiatric evaluation to October 8, 2021 and to exclude time through that date, and to continue the trial date currently set for October 26, 2021 to November 16, 2021.

The defendant also agrees to exclude for this period of time any time limits applicable under 18 U.S.C. § 3161. The parties agree that the continuance represents the reasonable time necessary for effective preparation of counsel. 18 U.S.C. § 3161(h)(7)(A)-(B)(iv). In support thereof, the parties stipulate that:

1. This matter is set for a hearing on the government's motion for a psychiatric examination on September 24, 2021.
2. The government has provided the defendants with discovery that includes investigative reports, photographs, and video files. The defense is continuing to review those documents. The defense also requires additional time to respond to the government's motion for a psychiatric evaluation, to conduct investigation, and to discuss potential resolution of the case with the government.
3. Due to the COVID-19 pandemic public health restrictions, as well as restrictions at Fresno County Jail, defense counsel have had limited access to his clients, and require additional time to discuss case matters with his client.
4. Therefore, the parties agree that a continuance until October 8, 2021, is warranted.
5. The parties stipulate that the period of time from September 8, 2021, through October 8, 2021, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

\\\
\\\
\\\
\\\
\\\
\\\\

6. The parties also ask that time be excluded during the period from the filing of the government's motion for competency on September 7, 2021 through the time that motion is argued and submitted to the Court on October 8, 2021 under 18 U.S.C. § 3161(h)(1)(D).

IT IS SO STIPULATED.

Dated:  September 8, 2021   PHILLIP A. TALBERT
  United States Attorney

  By:  /s/ KATHERINE E. SCHUH
    KATHERINE E. SCHUH
    Assistant United States Attorney

Dated: September 8, 2021   /s/ DOUGLAS BEEVERS
  Attorney for Defendant
  CARLOS EFRAIN PEREZ

**O R D E R**

IT IS ORDERED that the September 24, 2021 hearing on the government's motion for a psychiatric evaluation is continued to October 8, 2021 at 9:00 a.m. before the Honorable Dale A. Drozd, United States District Judge. The hearing will be held at the Fresno Courthouse with all parties appearing in person.

IT IS FURTHER ORDERED THAT the period of time from September 8, 2021, through October 8, 2021, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(i) and (iv), because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial. Time is also excluded during the period from the filing of the government's motion for competency on September 7, 2021 through the time that motion is argued and submitted to the Court on October 8, 2021 under 18 U.S.C. § 3161(h)(1)(D).

IT IS FURHTER ORDERED that the trial currently set for October 26, 2021 is continued to November 16, 2021 at 9:00 a.m. before the Honorable Dale A. Drozd, United States District Judge.

IT IS SO ORDERED.

Dated:   **September 9, 2021**            _Dale A. Drozd_
                                          UNITED STATES DISTRICT JUDGE