PHILLIP A. TALBERT
Acting United States Attorney
KATHERINE E. SCHUH
JUSTIN J. GILIO
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,   Plaintiff,   v.   CARLOS EFRAIN PEREZ,   Defendant. | CASE NO. 1:21-CR-00179-NONE-SKO  ORDER FOR PSYCHOLOGICAL EVALUATION  DATE: December 10, 2021 TIME: 9:30 a.m. COURT: Hon. Dale A. Drozd |
|---|---|

On October 8, 2021, the Court held a hearing on the government's motion for (1) mental examination to determine the defendant's competency, and (2) competency hearing under 18 U.S.C. § 4241 and Federal Rule of Criminal Procedure 12.2(c)(1)(A). ECF No. 19. Good cause appearing, pursuant to 18 U.S.C. §§ 4241 and 4247(b), the government's motion is GRANTED. It is hereby ORDERED:

1. The defendant is to be committed to the custody of the Attorney General for placement in a suitable facility to be examined for a reasonable period, but not to exceed thirty days. Unless impracticable, the psychiatric or psychological examination shall be conducted in a suitable facility closest to the Court.

2. The director of the facility may apply for a reasonable extension, but not to exceed fifteen additional days, upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant.

3. The psychiatric or psychological examination shall be conducted by a licensed or certified psychiatrist or psychologist or, if appropriate, by more than one such examiner.

4. The psychiatrists or psychologists at the designated facility are ordered to file a psychiatric or psychological report with the Court, with copies provided to counsel for the defendant and the attorney for the government.  The report shall include the information required by 18 U.S.C. § 4247(c), to wit:

    A. The defendant's history and present symptoms;

    B. A description of the psychiatric, psychological, and medical tests that were employed and their results;

    C. The examiner's findings; and

    D. The examiner's opinion as to diagnosis, prognosis, and whether defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

5. The defendant is ordered to provide any medical documentation in his custody, if any can be located, that is relevant to his examination to the U.S. Marshal's Service in Fresno, California, by Tuesday, October 12, 2021.  Upon receipt of this documentation, the U.S. Marshal's Service will forward it to the Bureau of Prisons so that the Bureau can determine a proper facility at which to place him for this examination.  This documentation would best include those records relevant to the examination, including those relevant to defendant's competency, defendant's current medical prescriptions, and the extent to which the defendant is able to be transported by airplane.

6. The defendant shall remain in custody through the completion of his examination.  The parties shall promptly ask that these matters be calendared on the Court's next available date upon his release from the Bureau of Prisons back to the custody of the U.S. Marshal.  Counsel for the parties shall next appear before the Court for a status conference on Friday, December 10, 2021 at 9:30 am.  If the parties determine that more time is necessary for the competency examination to conclude before this date, they may file a stipulation stating the reasons why this date should be continued.

\\\

7. The trial date presently scheduled for November 16, 2021 is vacated. The time between October 8, 2021 and December 10, 2021, inclusive, is excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A), for "delay resulting from any proceeding, including any examinations, to determine the mental competency . . . of the defendant." Good cause exists for the vacatur of the trial date and continuance of a status conference, and time is further excluded as the ends of justice outweigh the interest of the public and the defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A)."

IT IS SO ORDERED.

Dated: **October 11, 2021**

Dale A. Drozd

UNITED STATES DISTRICT JUDGE

