PHILLIP A. TALBERT
United States Attorney
KATHERINE E. SCHUH
JUSTIN J. GILIO
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:21-CR-00179-JLT-SKO |
|---|---|
| Plaintiff, | UNOPPOSED MOTION TO RESTORE COMPETENCY UNDER 18 U.S.C. § 4241(d); ORDER |
| v. | |
| CARLOS EFRAIN PEREZ, | COURT: Hon. Jennifer L. Thurston |
| Defendant. | |

The government, by and through United States Attorney Phillip A. Talbert and Assistant United States Attorney Katherine E. Schuh files an unopposed motion to this Court for an order transporting Defendant Carlos Efrain Perez to a Bureau of Prisons Medical facility pursuant to § 4241(d) for restoration of competency.

On July 8, 2021, a grand jury returned a one-count indictment charging the defendant with assault on a federal officer or employee in violation of 18 U.S.C. § 111(a)(1). On September 7, 2021, the government filed a motion for a psychiatric examination and competency hearing. ECF No. 19. On October 12, 2022, following a hearing, the Honorable District Judge Dale A. Drozd ordered the defendant to be transported to a Bureau of Prisons facility for a mental competency evaluation.

On January 25, 2022, the parties were provided with a mental evaluation report submitted by Bureau of Prison forensic psychologist Jaime R. Jauregui. In that report, Dr. Jauregui concluded that there was objective evidence to indicate that Mr. Perez is suffering from a mental disease or defect

UNOPPOSED MOTION RE: COMPETENCY
EXAMINATION; [PROPOSED] ORDER

1

rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the court proceedings against him or unable to assist properly in his own defense.  On February 11, 2022, a competency hearing was held before the Honorable District Judge Jennifer L. Thurston.  The parties submitted on their previous briefing and Dr. Jauregui's report without submitting further evidence.  The Court found by a preponderance of the evidence that the defendant is not competent to stand trial, and the Court's findings are preserved on the record.

Having found by a preponderance of the evidence that the defendant is presently incompetent to stand trial, the Court ordered the defendant committed to the custody of the Attorney General for a period of four months for treatment in a suitable facility, pursuant to 18 U.S.C. § 4241(d).

The matter is set for a status conference regarding restoration of competency on May 20, 2022. The time between February 11, 2022 and May 20, 2022, inclusive, is excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(4), for "delay resulting from the fact that the defendant is mentally incompetent . . . to stand trial."  Good cause exists for the continuance of a status conference, and time is further excluded as the ends of justice outweigh the interest of the public and the defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A).

Dated:  February 11, 2022

PHILLIP A. TALBERT
Acting United States Attorney

/s/ KATHERINE E. SCHUH
KATHERINE E. SCHUH
Assistant United States Attorney

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

**ORDER**

1. The Court finds by a preponderance of the evidence that the defendant, Carlos Perez, suffers from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the court proceedings against him or unable to assist properly in his own defense.

2. Pursuant to 18 U.S.C. § 4241(d), the Court orders the defendant committed to the custody of the Attorney General for a period of four months for treatment in a suitable facility.

3. The matter is set for a status conference regarding restoration of competency on May 20, 2022.

4. The time between February 11, 2022 and May 20, 2022, inclusive, is excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(4), for "delay resulting from the fact that the defendant is mentally incompetent . . . to stand trial."  Good cause exists for the continuance of a status conference, and time is further excluded as the ends of justice outweigh the interest of the public and the defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A).

IT IS SO ORDERED.

Dated:   **February 11, 2022**

UNITED STATES DISTRICT JUDGE