HEATHER E. WILLIAMS, SBN 122664
Federal Defender
DOUGLAS BEEVERS, SBN 288639
Assistant Federal Defender
Designated Counsel for Service
801 I Street, Third Floor
Sacramento, CA 95814
T: (916) 498-5700
F: (916) 498-5710

Attorneys for Defendant
CARLOS PEREZ

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:21-CR-0179-JLT |
| Plaintiff, | **STIPULATION AND ORDER REGARDING VIDEO-TELECONFERENCE CHANGE OF PLEA & SENTENCING** |
| vs. | |
| CARLOS PEREZ, | Date: March 6, 2023 |
| Defendant. | Time: 10:00 A.M. |
| | Judge: Hon. Jennifer L. Thurston |

IT IS HEREBY STIPULATED and agreed by and between United States Attorney Phillip A. Talbert, through Assistant United States Attorney Justin Gilio, counsel for Plaintiff, and Federal Defender Heather Williams, through Assistant Federal Defender DOUGLAS BEEVERS, counsel for Mr. PEREZ, that the change of plea and sentencing hearings in this matter may proceed by video-conference ("VTC"). The parties specifically stipulate as follows:

1. On March 30, 2020, Chief United States Judge Mueller issued General Order 614, "Coronavirus Public Emergency Authorizing Video-teleconferencing and Telephone Conferencing for Criminal Proceedings Under Section 15002 of the Coronavirus Aid, Relief and Economic Security (CARES) Act," which authorizes the use of videoconferencing – or telephone phone conferencing if videoconference is not reasonably available – in various criminal proceedings, including felony changes of plea and sentencing hearings.

2. On January 4, 2021, General Order 628 ("GO 628") extended General Order 614 for an additional 90 days.

3. GO 628 authorizes felony changes of plea and sentencing hearings to proceed via VTC if:

   i) The judge of the case finds, for specific reasons, that a felony change of plea and sentencing cannot be further delayed without serious harm to the interests of justice; and

   ii) The defendant, following consultation with counsel, consents to appearing for the change of plea and sentencing hearing via VTC.

4. The parties stipulate that for specific reasons, the change of plea and sentencing in this matter cannot be further delayed without serious harm to the interests of justice. Specifically, Mr. PEREZ seeks to accept a plea offer with a time-served sentence, as soon as possible and his attorney has been subpoenaed to testify in another case on Wednesday March 8, 2023, in Sacramento, thus an in-person hearing would be delayed for an other week. Any delay could also interfere with Mr. Perez's treatment.

5. The defense has affirmed, and both parties stipulate, that Mr. PEREZ has had an opportunity to consult with counsel regarding the nature of his appearance for his change of plea and sentencing hearing, and following such consultation, he consents to appearing for his change of plea and sentencing hearing via VTC.

6. The parties therefore respectfully request this Court to find that the change of plea and sentencing in this matter may proceed via VTC as currently scheduled.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: March 6, 2023

/s/ Douglas Beevers
DOUGLAS BEEVERS
Assistant Federal Defender
Attorneys for Defendant
CARLOS PEREZ

1
2
3  Date: March 6, 2023                    PHILLIP A. TALBERT
                                          Acting United States Attorney
4
                                          */s/ Justin Gilio*
5                                         JUSTIN GILIO
                                          Assistant United States Attorney
6                                         Attorneys for Plaintiff
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **O R D E R**

The Court, having received and considered the parties' stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its order.[1]

IT IS SO ORDERED.

Dated:   **March 6, 2023**

*(signature: Jennifer L. Thurston)*
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes, however, that contrary to the recitation here, the superseding information charges Mr. Perez with a Class misdemeanor, rather than a felony.